**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


DENNIS O. MONTAGUE,

       Petitioner,

v.                                 Case No. 8:02-CR-164-T-30TGW
                                              8:05-CV-519-T-30TGW

UNITED STATES OF AMERICA,

       Respondents.

_____/

## ORDER

     This cause is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. 1).  The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2005),[1] and finds, for reasons set forth below, that service of the motion is not required.

     Represented by counsel, Petitioner entered a plea of guilty to the charge of possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Dkt. 15), pursuant to a written plea agreement (Dkt. 14).  On November 19, 2002, the Court sentenced Petitioner to serve a term of 137 months imprisonment, to be followed by a 48-month term of supervised release (Dkt. 20). Petitioner did not appeal the judgment or sentence.

---

     [1]Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.  Since Petitioner did not file a notice of appeal, for purposes of calculating the one-year statute of limitation, his judgment of conviction became final on November 29, 2002, ten days after it was entered. *See* Fed. R. App. P. 4(b)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (2000).

Clearly, more than one year elapsed between the date Petitioner's conviction became final and the filing of his § 2255 motion on March 17, 2005. Petitioner does not assert that a government-imposed impediment prevented him from filing a timely § 2255 motion or that his claim is based on newly discovered evidence. *See* 28 U.S.C. § 2255 ¶6(2) & (4).

Petitioner relies instead upon § 2255 ¶ 6(3) to support his assertion that his claim should be heard despite the 28 month lapse between the date on which his conviction became final and the filing of his § 2255 motion. As set forth *supra*, § 2255 ¶ 6(3) provides that the one year limitations period for filing a motion under 28 U.S.C. § 2255 runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3). Petitioner's claim is premised on the Supreme Court's holdings in *Blakely*[2] and *Booker*,[3] to wit: "whether the Court can enhance [Petitioner's] sentence above the 'statutory maximum'[4] for 'obstruction of justice' that was neither admitted to by [Petitioner] nor expressly presented to a jury to be proven beyond a reasonable doubt" (Dkt. 26 at 5).

As of the date of this Order, the Supreme Court has not determined that the *Blakely/Booker* decisions apply retroactively on collateral review. The Eleventh Circuit has held, on the other hand, that "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). *See also In re Anderson*, 396 F.3d 1336 (11th Cir. 2005). Given the fact that the *Blakely/Booker* decisions are not applied retroactively, Petitioner's argument that he is entitled to proceed under § 2255 ¶6(3) fails.

Thus, unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period, his § 2255 motion is time barred. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond the petitioner's control and unavoidable even with diligence. *Jones v. United States,* 304 F.3d 1035, 1039 (11th

---

[2] *Blakely v. Washington*, 542 U.S. 196, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Jun. 24, 2004) (applying the rule of *Apprendi*, the court held that the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings).

[3] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[4] Petitioner confuses the sentencing guidelines range and the maximum sentence which can be imposed under 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B)(iii).  Under § 841(b)(1)(B)(iii), Petitioner was subject to a sentence of not less than 5 years and not more than 40 years.  Petitioner's 137 month sentence does not exceed the statutory maximum for the offense of conviction.

Cir. 2002), *cert. denied* 538 U.S. 947 (2003).  The burden of establishing entitlement to equitable tolling rests with the petitioner. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner  has not shown that the delay between the date on which his judgment of conviction became final, November 29, 2002, and the date on which the instant motion was filed, March 17, 2005, was the result of a rare circumstance beyond his control. Simply put, Petitioner fails to demonstrate any basis for the Court to disregard the procedural bar to a consideration of the merits of his underlying claim.  The Court finds, therefore, that the § 2255 motion is time barred.

ACCORDINGLY, the Court **ORDERS** that:

1.     The  motion to vacate, set aside, or correct sentence (CV Dkt. 1) is **DENIED**.

2.     The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 28, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro se Petitioner
Peter Sholl, AUSA

SA:jsh

-4-